IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| KAREN WILSON | ) |
| | ) |
| vs. | ) |
| | ) Civil Action No. WDQ-04cv2917 |
| DRAPER & GOLDBERG, P.L.L.C. | ) |
| | ) |
| And | ) |
| | ) |
| L. DARREN GOLDBERG | ) |

## DEFENDANTS' MOTION TO DISMISS COMPLAINT

Defendants Draper & Goldberg, P.L.L.C. and L. Darren Goldberg (hereinafter collectively referred to as "defendants"), by undersigned counsel, bring this Motion To Dismiss Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that the complaint fails to state a claim upon which relief can be granted. In support of their motion, the defendants state the following:

1. Defendants' principal business is the enforcement of security interests through the foreclosure of mortgages and deeds of trust.

2. This case arises out of a foreclosure action, which was docketed in the Circuit Court for Howard County on September 11, 2004 (Civil Case No. 13-C-03-56367), in relation to real property owned by the plaintiff, Karen Wilson ("plaintiff"), located at 6124 Morning Calm Way, Columbia, Maryland 21045.

3. Defendant L. Darren Goldberg was acting as a substitute trustee under the plaintiff's deed of trust.

4. The complaint sets forth only a single count, which alleges that the defendants violated sections 15 U.S.C. § 1692c(a)(2) and 15 U.S.C. § 1692g(b) of the Fair Debt Collection Practices Act ("the Act").

5. The complaint fails to state a claim upon which relief can be granted because the defendants are not "debt collectors" within the meaning of section 15 U.S.C. § 1692a(6) of the Act.

6. The complaint fails to state a claim upon which relief can be granted because foreclosing on a deed of trust is not collecting a "debt" within the meaning of section 15 U.S.C. § 1692a(5) of the Act.

**WHEREFORE**, defendants Draper & Goldberg, P.L.L.C. and L. Darren Goldberg respectfully request that this Honorable Court enter an order dismissing the complaint, and for such other and further relief as the Court Deems appropriate.

Respectfully Submitted,
DRAPER & GOLDBERG, P.L.L.C.

//s// Scott R. Grigsby
L. Darren Goldberg #11845
Scott R. Grigsby #07254
803 Sycolin Road, Suite 301
Leesburg, VA 20175
703-777-7101

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| KAREN WILSON | ) |
| | ) |
| vs. | ) |
| | )   Civil Action No. WDQ-04cv2917 |
| DRAPER & GOLDBERG, P.L.L.C. | ) |
| | ) |
| And | ) |
| | ) |
| L. DARREN GOLDBERG | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT

Defendants Draper & Goldberg, P.L.L.C. and L. Darren Goldberg (hereinafter collectively referred to as "defendants"), by undersigned counsel, submit the following Memorandum of Points and Authorities in support of their Motion to Dismiss Complaint.

### FACTUAL BACKGROUND

Defendants' principal business is the enforcement of security interests through the foreclosure of mortgages and deeds of trust. (See, attached Affidavit of L. Darren Goldberg). This case arises out of a foreclosure action, in relation to real property owned by the plaintiff, Karen Wilson ("plaintiff"), located at 6124 Morning Calm Way, Columbia, Maryland 21045. Defendant L. Darren Goldberg was appointed substitute trustee under the plaintiff's deed of trust. (Exhibit "A").

On September 2, 2003, Mr. Goldberg sent a letter to the plaintiff stating that her lender, Chase Manhattan Mortgage Corporation, had instructed Mr. Goldberg to foreclose the plaintiff's deed of trust. On September 5, 2003, the plaintiff sent a letter to Mr. Goldberg disputing the debt pursuant to the Fair Debt Collection Practices Act, codified as 15 U.S.C. § 1692 (the "Act").

On September 11, 2003, Mr. Goldberg, acting as substitute trustee under the plaintiff's deed of trust, filed an Order to Docket Foreclosure in the Circuit Court for Howard County, Maryland (Civil Case No. 13-C-03-56367), as required by Rule 14-204(a) of the Maryland Rules of Procedure. (Exhibit "B").

On September 18, 2003, attorney H. Robert Erwin, Jr. wrote a letter to Mr. Goldberg informing him that Mr. Erwin represented the plaintiff. On October 6, 2003, Draper & Goldberg, P.L.L.C., sent a notice of foreclose letter to the plaintiff's last known address informing her of the date, time and place of the foreclosure sale, as required by Rule 14-206(b)(2)(A) of the Maryland Rules of Procedure. (Exhibit "C").

The foreclosure proceedings were subsequently suspended while the lender and the plaintiff's attorney resolved the dispute, and the foreclosure action was later dismissed.

## STANDARD OF REVIEW

A complaint will not be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure unless it "appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). "The question is whether in the light most favorable to the Plaintiff, and with every doubt resolved in his behalf, the Complaint states any valid claim for relief." Wright & Miller, Federal Practice and Procedure: Civil 2d, § 1357, at 336. The Court, when deciding a motion to dismiss, must consider well-pled allegations in a complaint as true and must construe those allegations in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974); Jenkins v. McKeithen, 395 U.S. 411, 421-22, 23 L. Ed. 2d 404, 89 S. Ct. 1843 (1969).

## DISCUSSION

**I.    Defendants are not "Debt Collectors" as Defined by Section 15 U.S.C. § 1692a(6) of the Act.**

    A.    Section 15 U.S.C. § 1692a(6)(F)(i) of the Act Excludes the Defendants from the Definition of "Debt Collector" Because the Defendants' Foreclosure Activities were Incidental to a Bona Fide Fiduciary Obligation.

The gravamen of the plaintiff's complaint is that the defendants violated sections 15 U.S.C. § 1692c(a)(2) and 15 U.S.C. § 1692g(b) of the Act by filing the September 11, 2003 Order to Docket Foreclosure and by sending the plaintiff the October 6, 2003 notice of foreclosure, both of which were required by Maryland law in a foreclosure action. In conducting these activities, defendant L. Darren Goldberg was acting in his capacity as a substitute trustee under the plaintiff's deed of trust, and therefore was a fiduciary under Maryland law. Section 15 U.S.C. § 1692a(6)(F)(i) of the Act expressly excludes from the definition of "debt collector" a person whose activities are incidental to a bona fide fiduciary obligation, and states that, "The term ["debt collector"] does not include – (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; . . . ."

Section 15-101(g) of the Maryland Estates and Trusts Article defines the term "fiduciary" to include a trustee acting under a deed, and states that, "'Fiduciary' includes a *trustee acting under a deed*, will, declaration of trust or other instrument in the nature of a trust or appointed by a court, a receiver, custodian, committee or guardian of the property of a minor or disabled person, executor, administrator, or personal representative." (Italics supplied). Section 1-101(c) of the Maryland Real Property Article defines the term "deed" to include a deed of trust, and states that, "'Deed' includes any deed, grant, mortgage, *deed of trust*, lease, assignment, and release, pertaining to land or property or any interest therein or appurtenant thereto, including an

interest in rents and profits from rents." (Italics supplied). Thus, under Maryland law, a trustee acting under a deed of trust is a fiduciary. Bunn v. Kuta, 109 Md. App. 53, 65-66, 674 A.2d 26, 32, 1996 Md. App. LEXIS 23, 17-18 (Md. App. 1996).

The foreclosure activities of Mr. Goldberg and his law firm were incidental to Mr. Goldberg's fiduciary obligations as a trustee under the plaintiff's deed of trust. A trustee under a deed of trust is required to file an Order to Docket Foreclosure in accordance with Rule 14-204(a) of the Maryland Rules of Procedure, which states that, "An action to foreclose a lien pursuant to a power of sale shall be commenced by filing an order to docket." Similarly, a trustee under a deed of trust is required to send a notice of foreclosure to the last known address of the debtor in accordance with Rule 14-206(b)(2)(A) of the Maryland Rules of Procedure, which states that, "Before making a sale of the property, the person authorized to make the sale shall send notice of the time, place, and terms of sale by certified mail and by first class mail *to the last known address of (i) the debtor*, (ii) the record owner of the property, and (iii) the holder of any subordinate interest in the property subject to the lien." (Italics supplied).

Because the defendants' foreclosure activities were incidental to a bona fide fiduciary obligation, section 15 U.S.C. § 1692a(6)(F)(i) of the Act excludes the defendants from the definition of "debt collector." Therefore, the plaintiff's complaint fails to state claim upon which relief can be granted, and the complaint should be dismissed.

    B.    <u>The Definition of "Debt Collector" Includes an Enforcer of a Security Interest Only for the Purpose of Section 15 U.S.C. § 1692f(6) of the Act.</u>

The defendants' principal business is the enforcement of security interests through the foreclosure of mortgages and deeds of trust. The complaint sets forth only a single count, which alleges that the defendants violated sections 15 U.S.C. § 1692c(a)(2) and 15 U.S.C. § 1692g(b) of the Act. However, a plain reading of the Act indicates that the definition of "debt collector"

includes an enforcer of a security interest only for the purpose of section 15 U.S.C. § 1692f(6) of the Act.

Section 15 U.S.C. § 1692a(6) of the Act defines the term "debt collector" to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." However, § 1692a(6) further provides that, *"For the purpose of section § 1692f(6) of this title*, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." (Italics supplied).

"Such a purposeful inclusion for one section of the FDCPA implies that the term 'debt collector' does not include an enforcer of a security interest for any other section of the FDCPA." Jordan v. Kent Recovery Services, Inc., 731 F. Supp. 652, 657; 1900 U.S. Dist. LEXIS 2309, 12-13 (1990). "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Russello v. United States, 464 U.S. 16, 23, 78 L. Ed. 2d 17, 104 S. Ct. 296 (1983) quoting, United States v. Wong Kim Bo, 472 F.2d 720, 722 (5th Cir. 1972); see also, Marshall v. Western Union Tel Co., 621 F.2d 1246, 1251 (3rd Cir. 1980) ("where Congress . . . has carefully employed a term in one place and excluded it in another, it should not be implied where excluded").

To interpret the term "debt collector" to include an enforcer of a security interest for all other sections of the Act would render the phrase, "For the purpose of section § 1692f(6) of this title" meaningless and superfluous, which is contrary to the axioms of statutory construction.

"Where possible, we must give effect to every provision and word in a statute and avoid any interpretation that may render statutory terms meaningless or superfluous." Scott v. United States, 328 F.3d 132, 139, 2003 U.S. App. LEXIS 8293, 2003-1 U.S. Tax Cas. (CCH) P50, 428; 91 A.F.T.R.2d (RIA) 2100 (4th Cir. 2003), quoting, Freytag v. Comm'r Internal Revenue, 501 U.S. 868, 877, 115 L. Ed. 2d 764, 111 S. Ct. 2631 (1991). "It is an axiom of statutory construction that courts are obliged to give effect, if possible, to every word used by the legislature." Crestar Bank v. Neal (In re Kitchen Equip. Co., 960 F.2d 1242, 1247 (4th Cir. 1992).

Giving due weight to each word in the phrase "For the purpose of section § 1692f(6) of this title" it is clear that Congress intended the definition of "debt collector" to include an enforcer of a security interest only for the purpose of section § 1692f(6) of the Act. Therefore, the plaintiff's complaint for alleged violations of sections 15 U.S.C. § 1692c(a)(2) and 15 U.S.C. § 1692g(b) fails to state claim upon which relief can be granted, and should be dismissed.

## II.     Foreclosing on a Deed of Trust is not Collecting a "Debt" Within the Meaning of Section 15 U.S.C. § 1692a(5) the Act.

In Heinemann v. Jim Walter Homes, Inc., 47 F. Supp. 2d 716 (D. W. Va. 1998) affirmed, 173 F.3d 850 (4th Cir. 1999) the court construed the *pro se* plaintiffs' complaint as attempting to bring an FDCPA claim for actions that had occurred during the foreclosure on their property. The court found that most of the plaintiffs' allegations were barred by the statute of limitations, but held that the publication of the notice of sale and the final trustee's sale itself had occurred within the statute of limitations. Id. at 722. The court held that because "the trustees were not collecting on the debt at that time but merely foreclosing on the property pursuant to the deed of trust, these activities do not fall within the terms of the FDCPA." Id.

Section 15 U.S.C. § 1692a(5) of the Act defines the term "debt" to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the

money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." In contrast, a foreclosure by a trustee under a deed of trust is not the enforcement of an obligation to pay money, but rather it is a termination of the debtor's equity of redemption relating to the debtor's property.

> In Maryland, legal title to the property is conveyed to the mortgagee under a mortgage or to the trustee(s) under a deed of trust, at the time of the delivery and recordation of the document. The borrower retains the equity of redemption and customarily there is reserved to the borrower in the document the right of possession until default. Upon default borrower's continued possession is by sufferance which may be ended by the pre-sale appointment of a receiver pursuant to provisions routinely contained in the mortgage or trust document. Upon conclusion of the auction, the borrower's equity of redemption is terminated, subject to restoration if subsequent ratification is denied. (citations omitted).

Denny v. Denny, 242 B.R. 593, 598; 1999 Bankr. LEXIS 1633; Bankr. L. Rep. (CCH) P78,075; 35 Bankr. Ct. Dec. 99 (N. D. Va. 1999). "Foreclosing on a deed of trust is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a deed of trust is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property." Hulse v. Ocwen Federal Bank, FSB, 195 F. Supp. 2d 1188, 1204, 2002 U.S. Dist. LEXIS 7273 (D. Or. 2002); Bergs v. Hoover, Bax & Slovacek, L.L.P., 2003 U.S. Dist. LEXIS 16827, 16 (N. D. Tex. 2003) ("Instituting foreclosure proceedings is not debt collection under the FDCPA.").

In the present case, because the defendants were not collecting a debt within the meaning of the Act, the complaint fails to state a claim upon which relief can be granted, and should be dismissed.

## CONCLUSION

For the reasons stated above, Defendants Draper & Goldberg, P.L.L.C. and L. Darren Goldberg respectfully request that this Honorable Court enter an Order dismissing the captioned action, and granting such other and further relief as the Court Deems appropriate.

Respectfully Submitted,
DRAPER & GOLDBERG, P.L.L.C.

//s// Scott R. Grigsby
L. Darren Goldberg #11845
Scott R. Grigsby #07254
803 Sycolin Road, Suite 301
Leesburg, VA  20175
703-777-7101

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| KAREN WILSON | ) |
| | ) |
| vs. | ) |
| | )   Civil Action No. WDQ-04cv2917 |
| DRAPER & GOLDBERG, P.L.L.C. | ) |
| | ) |
| And | ) |
| | ) |
| L. DARREN GOLDBERG | ) |

## AFFIDAVIT OF L. DARREN GOLDBERG

STATE OF VIRGINIA         )
                          )   ss:
COUNTY OF LOUDOUN         )

BE IT REMEMBERED that on this 18th day of October, 2004, before me the undersigned subscriber, a Notary Public in and for the jurisdiction aforesaid, personally appeared L. Darren Goldberg, who made oath in due form of law as follows:

1. The affiant solemnly declares and affirms under the penalties of perjury and upon personal knowledge that the contents of this affidavit are true and correct to the best of his knowledge, information and belief.

2. The affiant is a partner in the law firm of Draper & Goldberg, P.L.L.C., a defendant in the captioned action.

3. The affiant is competent to testify to the matters stated herein, and said affiant is duly authorized to make this Affidavit for, and on behalf of, Draper & Goldberg, P.L.L.C.

4. The principal business of the affiant and the law firm of Draper & Goldberg, P.L.L.C. is the enforcement of security interests through the foreclosure of mortgages and deeds of trust.

5.  At all times relevant to the complaint filed herein, the affiant was acting as a substitute trustee under the plaintiff's deed of trust.

DRAPER & GOLDBERG, P.L.L.C.

BY: _____
L. Darren Goldberg

**SUBSCRIBED AND SWORN** to before me on the date first above written.

Jacqueline Marie Martin
NOTARY PUBLIC
Commonwealth of Virginia
My Commission Expires
JUNE 30, 2005

_Jacqueline Marie Martin_
NOTARY PUBLIC

My Commission Expires: 6/30/05

Prepared By:
Draper & Goldberg, P.L.L.C.

LIBER 07604 FOLIO 189

000364

## DEED OF APPOINTMENT OF SUBSTITUTE TRUSTEES

THIS DEED OF APPOINTMENT OF SUBSTITUTE TRUSTEES is made this 28th day of August 2003 by Chase Manhattan Mortgage Corporation ("Beneficiary").

WHEREAS, the Beneficiary is the holder of a promissory note, repayment of which is secured by a Deed of Trust dated **12-14-99**, from Karen C. Wilson to certain trustees named therein ("Trustees"), and recorded among the land records of Howard County, Maryland on **1-6-00**, at Book **4986**, Page **155** ("Deed of Trust");

WHEREAS, the Deed of Trust encumbers real property known as:

SEE ATTACHED LEGAL DESCRIPTION

WHEREAS, the Deed of Trust grants to the beneficiary the unconditional power to appoint substitute trustees in place and stead of the original trustees named in the Deed of Trust; and

WHEREAS, the Beneficiary as the holder of the Note, desires to exercise the power to appoint substitute trustees in place and stead of the Trustees and to vest the substitute trustees with the same rights, powers, title and estate as are vested in the Trustees.

NOW, THEREFORE, in consideration of the sum of five dollars ($5), and other good and valuable consideration, the Beneficiary does hereby appoint L. Darren Goldberg, and David A Kasuba as Substitute Trustees under the Deed of Trust, with identically the same title and estate in and to the land, premises and property conveyed by the Deed of Trust, and with all rights, powers, trusts and duties of the Trustees.

Return To:

Draper & Goldberg, P.L.L.C.
803 Sycolin Road, Suite 301
Leesburg, VA 20175

L92306MD



EXHIBIT A

LIBER 07604 FOLIO 190

SUB
L 92300
Page 2

Chase Manhattan Mortgage Corporation

BY: *(signature)*
Name: Christy M Ashby
Title: Agent

**STATE OF**     **Virginia**
**COUNTY OF**   **Loudoun**

    I hereby certify that on this ___28___ day of ___August___, 2003, before me, the subscriber, a Notary Public for the State and County aforesaid, personally appeared Christy M Ashby who acknowledged himself/herself to be the Agent of _____ and having been granted authority to do so, executed the above document by signing his/her name in my presence. He/She is personally known to me and did take an oath.

*(signature)*
Notary Public

My Commission Expires:

Carman Dodge
NOTARY PUBLIC
Commonwealth of Virginia
My Commission Expires
MAY 31, 2005

LIBER 07604 FOLIO 191

COLUMBIA                                              , County of   Howard
State of Maryland, and more particularly described as follows:
BEING KNOWN AND DESIGNATED AS LOT NO. 48, SHOWN ON PLAT ENTITLED "RESUBDIVISION PLAT GOLDEN BELL, LOTS 48 AND 49, A RESUBDIVISION OF LOTS 7 AND 8", WHICH PLAT IS RECORDED AMONG THE LAND RECORDS OF HOWARD COUNTY, IN PLAT BOOK MDR NO. 1 2263.

```
IMP FD SURE $         20.00
RECORDING FEE         20.00
TOTAL                 40.00
Rcd# HO02    Rcpt # 39614
MDR    BF    Blk # 3363
Sep 11, 2003         11:50 am
```

IN THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND

L. Darren Goldberg )
David A. Kasuba )
 )
    Substitute Trustees )
803 Sycolin Road, Suite 301 )
Leesburg, VA 20175 )
 )
    Plaintiffs ) Civil No.
v. )
 )
Karen C. Wilson )
6124 Morning Calm Way )
Columbia, MD 21045 )
    Defendant(s) )
 )
 )
 )

## ORDER TO DOCKET FORECLOSURE

Clerk:

Please docket this case and accept the following for filing herein:

Certified True Copy of Deed of Trust
Copy of Deed of Appointment of Substitute Trustees
Affidavit of Debt
Affidavit of Non Military Status of Mortgagor(s)
Certification Out of State Attorney
Affidavit of Lost Note with Motion

RESPECTFULLY SUBMITTED

DRAPER & GOLDBERG, P.L.L.C.

BY: _____
L. Darren Goldberg
John A. Ansell III
Attorneys for Substitute Trustees
803 Sycolin Road, Suite 301
Leesburg, Virginia 20175
Tel (703) 777-7101
Fax (703) 940-9110

EXHIBIT B



David W. Draper, Jr. (DC, MD, VA)
L. Darren Goldberg (DC, MD, VA)

John A. Ansell III (MD)
James E. Clarke (DC, FL, MD, VA)
Neil F. Dignon (DE)
Scott R. Grigsby (CO, DC, GU, HI, MD, SC)

803 Sycolin Road, Suite 301
Leesburg, Virginia 20175
Telephone: 703-777-2448
Facsimile: 703-940-9112
http://www.drapgold.com/

Stephen J. Kushnir (DC, VA)
Peter N. Lobasso (NY)
Roxanne F. Rosado (CA, VA)
Robert A. Oliveri Jr. (VA)
Rita Ting-Hopper (CA, DC, MD)

Thomas D.H. Barnett (DE)
(Of Counsel)

October 6, 2003

BY CERTIFIED MAIL RETURN RECEIPT REQUESTED and FIRST CLASS MAIL

Karen C. Wilson
6124 Morning Calm Way
Columbia, MD 21045

RE:    Chase Manhattan Mortgage Corporation v. Karen C. Wilson
        Our File No.        92306
        Lender's Loan No.  15343197
        Property Address:  6124 Morning Calm Way
                                Columbia, MD 21045

Dear Ms. Wilson:

Please be advised that we have been requested by Chase Manhattan Mortgage Corporation ("Lender") to foreclose on the Property described above ("Property"). The Property is encumbered by a Deed of Trust, the security for a promissory note in the original principal amount of $43,191.10 payable to the Lender.

We are hereby notifying you that a foreclosure sale of the Property will take place on the date, time, place and terms as per the enclosed Advertisement, and the Property will be sold then and there to the highest bidder. A copy of this letter is being sent to you by regular mail.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

                                      Sincerely,
                                      Sales Department

Enclosure - Advertisement of Sale
cc:    Chase Manhattan Mortgage Corporation

EXHIBIT C

Draper & Goldberg, PLLC
P.O. Box 6177
Leesburg, Virginia 20178

SUBSTITUTE TRUSTEES' SALE
OF IMPROVED REAL PROPERTY

**6124 MORNING CALM WAY
COLUMBIA, MD 21045**

Under a power of sale contained in a Deed of Trust from Karen C. Wilson, dated December 14, 1999 and recorded in Liber 4986, folio 155   among the Land Records of Howard Co., MD, default having occurred thereunder, the Sub. Trustees will sell at public auction at the Circuit Court for Howard Co., at the Court House Door, Court Pl. & Park Ave., Ellicott City, on

**OCTOBER 17, 2003 AT 10:02 AM**

ALL THAT FEE-SIMPLE LOT OF GROUND and the improvements thereon situated in Howard Co., MD  and more fully described in the aforesaid Deed of Trust.

The property, which is improved by a dwelling, will be sold in an "as is" condition and subject to conditions, restrictions and agreements of record affecting the same, if any, and with no warranty of any kind.

The property will be sold subject to a prior mortgage, the amount to be announced at the time of sale.

Terms of Sale:  A deposit of $5,000 by cash or certified check. Balance of the purchase price to be paid in cash within ten days of final ratification of sale by the Circuit Court for Howard Co. Time is of the essence as to the purchaser. If the purchaser defaults, the deposit shall be forfeited and the property shall be resold at the purchaser's risk and expense. Interest to be paid on the unpaid purchase money at the rate pursuant to the Deed of Trust Note from the date of sale to the date funds are received by the Sub. Trustees. In the event settlement is delayed for any reason, there shall be no abatement of interest. Purchaser shall pay for documentary stamps, transfer taxes and settlement expenses. Taxes, ground rent, water rent, condominium fees and/or homeowner association dues, all public charges/assessments payable on an annual basis, including sanitary and/or metropolitan district charges, if applicable, shall be adjusted to the date of sale and assumed thereafter by the purchaser. Purchaser shall be responsible for obtaining physical possession of the property. Purchaser assumes the risk of loss or damage to the property from the date of sale forward. If the Sub. Trustees are unable to convey good and insurable title, the purchaser's sole remedy in law and equity shall be limited to a refund of the deposit. Purchaser agrees to pay $275.00 at settlement, to the Seller's attorney, for review of the settlement documents. (Matter #92306) (Case #13-C-03-56367)

L. Darren Goldberg, David A. Kasuba, Substitute Trustees

ALEX COOPER AUCTS., INC.
908 YORK RD., TOWSON, MD 21204
410-828-4838
-----------------------------------------------------------------------------
HOWARD CO. TIMES -- DOUBLE COLUMN AD -- OCT. 2, 9 & 16
(jn) (101703ho) (31904)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendants' Motion to Dismiss Complaint was mailed, postage prepaid, via first-class mail, this __18th__ day of October, 2004 to:

H. Robert Erwin, Jr.
The Erwin Law Firm, P.A.
10 West Madison Street
Baltimore, MD  21201

                                                                                   //s// Scott R. Grigsby
                                                              L. Darren Goldberg #11845
                                                               Scott R. Grigsby #07254

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| KAREN WILSON )<br>)<br>vs. )<br>)<br>DRAPER & GOLDBERG, P.L.L.C. )<br>)<br>And )<br>)<br>L. DARREN GOLDBERG ) | Civil Action No. WDQ-04cv2917 |

## ORDER OF DISMISSAL

UPON CONSIDERATION of defendants Draper & Goldberg, P.L.L.C. and L. Darren Goldberg's Motion to Dismiss Complaint, and the plaintiff's opposition thereto, it is on this _____ day of _____, 2004,

ORDERED, that the defendants' Motion to Dismiss Complaint be, and hereby is, GRANTED; and it is further

ORDERED, that the complaint be DISMISSED without prejudice.

_____
JUDGE, United States District Court
For the District of Maryland

Copies to:

L. Darren Goldberg
Scott R. Grigsby
Draper & Goldberg, P.L.L.C
803 Sycolin Road, Suite 301
Leesburg, VA  20175

H. Robert Erwin, Jr.
The Erwin Law Firm, P.A.
10 West Madison Street
Baltimore, MD  21201