**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

KAREN WILSON                              *

      Plaintiff                         *

v.                                        *    Civil Action No. WDQ 04 CV 2917

DRAPER & GOLDBERG, PLLC, et al            *

                                *

      Defendants

* * * * * * * * * * * * *

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

Plaintiff Karen Wilson, by her attorneys The Erwin Law Firm, P.A., respectfully opposes defendants' Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted.  The sole basis of defendants' Motion is that by initiating foreclosure proceedings as substitute trustee on a Deed of Trust, defendants are not subject to the Fair Debt Collection Practices Act either because they are acting as fiduciaries or they are enforcers of a security interest.  The Act's exemption from the definition of "debt collector" for fiduciaries does not apply to the defendants' activities in foreclosing a Deed of Trust.  As shown by the Stipulation and its exhibits, and the docket entries from the Circuit Court for Howard County attached hereto, defendants' activities were not merely enforcing the Deed of Trust and acquiring title to plaintiff's house, rather defendants' activities constitute collection of a debt within the meaning of

the Fair Debt Collection Practices Act.  Accordingly, defendants' Motion to Dismiss must be denied.

## Legal Standard

Because defendants have supported their Motion with the Affidavit of defendant L. Darren Goldberg, their Motion should be treated as one for Summary Judgment under Rule 56.  A party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that he is entitled to judgment as a matter of law.  Lema v. Citibank (South Dakota), N.A., 935 F. Supp. 695 (D. Md. 1996)  In deciding a motion for summary judgment, the record must be viewed in the light most favorable to the non-moving party.  Hooven-Lewis v. Caldera, 249 F. 3rd 259 (4th Cir. 2001). Inferences drawn from the underlying facts are to be viewed in the light most favorable to the non-moving party. Summerville v. Microcom Corp., 42 F. 3rd 891 (4th Cir. 1994).  The district court may not resolve conflicts in the evidence in ruling on summary judgment motions.  Podberesky v. Kirwin, 38 F. 3rd 147 (4th Cir. 1994),  amended on denial of re-hearing 46 F. 3rd 5, cert denied.  514 U.S. 1128.  On a summary judgment motion, the court's function is not to weigh the evidence and determine the truth of the matter, but determine whether there is a genuine issue of fact for trial.  American Metal Forming Corp. v. Pittman, 52 F. 3rd 504 (4th Cir. 1995).

## Facts

Defendants initially contacted plaintiff by letter dated September 2, 2003, in which they notified plaintiff, "Lender has accelerated the debt and has instructed me to foreclose its Deed of Trust lien.  We are now in the process of

preparing the foreclosure papers." (Exhibit 1, Stipulation ¶ 5) Although Ms. Wilson notified defendants that she disputed the alleged debt on September 5, 2003, on September 11, 2003, defendants initiated a foreclosure proceeding in the Circuit Court for Howard County. (Exhibit 2, Docket entries for <u>Goldberg v. Wilson</u>) Continuing to ignore plaintiff's request for validation which it had invited in its September letter, on October 6, 2003, defendants notified plaintiff that her home was scheduled to be sold in only eleven (11) days on October 17, 2003, at 10:02 a.m. (Exhibit 1, Stipulation ¶ 6) However, even before the scheduled sale, defendants contacted plaintiff on yet a third occasion. On October 15, 2003, defendants wrote to plaintiff that she could "reinstate the above account" by paying the "balance of accumulated payments due" plus additional charges for a total of $7,392.36 and that her check should be payable to "Chase Manhattan Mortgage Corporation." (Exhibit 1, Stipulation ¶ 7)

Defendants' activities in attempting to collect plaintiff's mortgage by initiating foreclosure proceedings were not isolated. Defendants regularly filed such foreclosure actions in Maryland, filing over 2300 such foreclosure actions throughout Maryland in 2003. (Exhibit 1, Stipulation, ¶ 3) Indeed, in the four month period of June through September 2003, defendants filed twenty three such foreclosure actions in the Circuit Court for Howard County alone. (Exhibit 2, Docket entries for these 23 cases attached hereto) Of these twenty three foreclosure actions, only one resulted in the sale of the property and ratification of the sale by the Circuit Court. Two other foreclosure actions from this period remain open, and in one of those two a sale was conducted but not yet ratified. In the other twenty actions, including plaintiff's, the homeowner took sufficient

steps to avoid having their house sold at foreclosure by paying arrearages,

making future payment arrangements, or even paying off the delinquent

mortgage.  (Exhibit 1, Stipulation, ¶ 4).  In all of their foreclosure actions,

defendants employed a series of letters substantially similar to those they sent

plaintiff.  (Exhibit 1, Stipulation, ¶ 5, 6)

## Argument

### A.  Defendant's activities in foreclosing a Deed of Trust do not meet the Act's fiduciary exception.

Defendants' Motion is grounded on a single contention - that they were

not acting as a "debt collector" under 15 U.S.C. 1692 (a)(6) in collecting on

plaintiff's mortgage by initiating a foreclosure proceeding of her Deed of Trust.

Defendant first contends that because it was merely foreclosing a Deed of Trust,

it was acting in a fiduciary capacity and therefore meets one of the exceptions to

the definition of "debt collector" in the Fair Debt Collection Practices Act

(FDCPA).  Section 1692(a)(6) provides in part:

> The term [debt collector] does not include... (F) any
> person collecting or attempting to collect any debt
> owed or due or asserted to be owed or due to another
> to the extent such activity (i) is incidental to a bona
> fide fiduciary obligation or a bona fide escrow
> agreement;

This section was created to exclude the activities of bank trust departments,

escrow companies and other bona fide fiduciaries. Senate Report No. 95-382, p. 3

(Exhibit 3, copy attached).   The exemption provided by this section does not

apply to trustees in foreclosure:

> The exemption (i) for bona fide fiduciary obligations
> or escrow arrangements applies to entities such as
> trust departments of banks and escrow companies.  It

> does not include a party who is named as a debtor's
> trustee solely for the purpose of conducting a
> foreclosure sale (i.e. exercising a power of sale in the
> event of default on a loan).

FTC Official Staff Commentary §803(6)(4)(f).  (Exhibit 4, Copy attached)

Defendants' Memorandum cites no cases in support of its position that lawyers

foreclosing Deeds of Trust are exempt pursuant to the fiduciary exclusion.  To the

contrary, in <u>Reed v. Smith</u>, 1994 U.S. Dis. LEXIS 21463 (M.D. AL. July 25, 1994)

the Court held that where attorneys were engaged primarily to collect a debt,

their activities were not exempted from the FDCPA by reason of their acting in a

fiduciary capacity.

### B.  Under the facts of this case, defendants were not acting solely as an enforcer of a security interest.

Defendants next attempt to evade the reach of the FDCPA by seeking shelter

of the provision that applies to enforcers of security interests.  Section 1692 (a)(6)

provides in part:

> For the purpose of section 1692(f)(6) of this Title,
> such term [debt collector] also includes any person
> who used any instrumentality of interstate commerce
> or the mails in any business the principal purpose of
> which is the enforcement of security interest.

This provision limits the coverage of the FDCPA for towing companies that

repossess cars and the like.  Because the facts of this case indicate defendants'

were engaged in far more than merely enforcing the Deed of Trust, this shelter

should not be found applicable to them.[1]

---

[1] At a minimum, the facts set forth in the Stipulation and docket entries from the Circuit Court for Howard County create a dispute of material fact as to whether defendants' activities here solely constitute the enforcement of security interest, thereby precluding the entry of Summary Judgment.

Since Congress amended the FDCPA in 1986 to repeal language exempting attorneys in certain limited circumstances, it is now beyond question that the FDCPA applies to attorneys collecting consumer debts even in their litigation activities.  Heintz v. Jenkins, 514 U.S.C. 291 (1995).  The United States Court of Appeals for the Fourth Circuit had anticipated the Supreme Court's decision three years earlier.  Scott v. Jones, 964 F.2d 314 (4th Cir. 1992).  Indeed, defendants do not contend that they are not subject to the FDCPA.  Rather, they argue that as enforcers of a security interest they are only subject to the provisions of Section 1692(f)(6) and not to any of the other provisions.[2]

In Shapiro & Meinhold v. Zartman, 823 P.2d 120 (Co. 1992)  the Supreme Court of Colorado considered and rejected the exact statutory construction argument made by defendants herein.  In that case, plaintiffs contended that defendant attorneys violated §1692(i) of the FDCPA when they filed foreclosure proceedings pursuant to a Deed of Trust in counties other than that in which the properties were located.   Defendants countered that they were subject only to the provisions of §1692(f)(6) and not to §1692(i) since they were enforcing security interests.  In considering the language with regard to the enforcers of security intruments in §1692(a)(6) the Colorado Supreme Court held:

> The latter provision does not limit the definition of
> debt collectors, but rather enlarges the category of
> debt collectors for purposes of Section 1692(f)(6).
> [Citation omitted]  If Congress had intended to
> exempt from the FDCPA one whose principle business
> is the enforcement of security interests, it would have
> provided an exception in plain language.

---

[2] The referenced section 1692(f)  prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt" but it does not include the procedures for validating debts contained in section 1692(g) nor the prohibitions relating to communications with the debtor contained in section 1692(c) .

*      *      *      *

If the definition of debt collectors is construed liberally, with the remedial purpose of the statute in mind, the attorneys are not exempt merely because their collection activities are primarily limited to foreclosures.  The Section 1692(a)(6) definition of the term debt collector includes one who 'directly or indirectly' engages in debt collection activities on behalf of others.  Since a foreclosure is a method of collecting a debt by acquiring and selling secured property to satisfy a debt, those who engage in such foreclosures are included within the definition of debt collectors if they otherwise fit the statutory definition.

Our interpretation of Section 1692(a)(6) is consistent with <u>Crossley v. Lieberman</u>, 868 F.2d 566 (3rd Cir. 1989).  In <u>Crossley</u> the Court held that an attorney who regularly engaged in debt collection activities was a debt collector under Section 1692(a)(6), even though twenty two of the thirty two cases the attorney filed in the Court of Common Pleas were mortgage foreclosures.  <u>Id</u>. at 569-70.

823 P. 2d at 124.  See also <u>Galuska v. Blumenthal</u>, 1994 WL 323121 (N.D. IL. June 26, 1994) (Attorneys engaged in debt collection activities by pursuing foreclosure and negotiating settlements are debt collectors within Section 1692(a)(6) and are covered by the FDCPA.)

Moreover, contrary to defendants' argument, defendants' activities in this case exceeded those of merely judicially enforcing the security interest of the Deed of Trust.  Rather their activities clearly go further and evidence attempts to collect a consumer debt.  Defendants' letter to plaintiff of September 2, 2003, by certified mail, return receipt requested and first class mail, advised her of defendants' intent to initiate a foreclosure action in the future and invited plaintiff to contact them – "If you have any questions, do not hesitate to contact

me."  The only reason for inviting calls is to attempt to negotiate payment arrangements.  Nothing in the Maryland foreclosure rules, Rule 14-101 et. seq., requires notice prior to commencement of the action.  Likewise, defendants' letter to plaintiff dated October 15, 2003, setting forth an amount to "reinstate the above account"  and demanding payment of far less that the amount due on the mortgage is at collecting money and not aimed at sale of the home.  The clear intent of these two communications is an attempt to get plaintiff and others like her to bring her mortgage current or pay it off rather than to proceed with sale of the property and transfer the title.

Indeed, examination of the docket entries of the twenty three cases filed by defendants in the Circuit Court for Howard County in the months of June through September 2003, indicates that in only one of these did the property go to sale and have the Court ratify the sale.  Two of these twenty three are still pending and might result in judicial ratification of a foreclosure sale in the future. In each of the other twenty proceedings the consumer debtor was able to bring the account current, enter into payment arrangements, refinance the mortgage with another lender, or make other satisfactory arrangements to have the sale stopped and the foreclosure proceeding dismissed.  It is clear that in the overwhelming majority of these proceedings the security interest was not in fact enforced, but rather a consumer debt was collected by defendants.  An attorney who regularly collects consumer debts for one client would be a debt collector with regard to all consumer debts collected.  <u>Miller v. McCalls, Raymer, Padrick, Cobb, Nichols and Clark, LLC</u>, 214 F. 3rd 872 (7th Cir. 2000).

The United States Court of Appeals for the Second Circuit provided an example of careful factual analysis necessary to distinguish form from substance in <u>Romea v. Heiberger & Associates</u>, 163 F. 3rd, 111 (2nd Cir 1998).  In that case, the attorney-defendant argued they were not subject to the provisions of the Fair Debt Collection Practices Act because they were merely providing the notice of eviction required by the New York statute regarding summary eviction proceedings, and that they were only serving or attempting to serve legal process and therefore excluded from the FDCPA under Section 1692(a)(6)(D).  In analyzing the attorneys' claim, the Second Circuit noted:

> Heiberger is correct that the notice required by Section 711 is a statutory condition precedent to commencing a summary eviction proceeding that is possessory in nature, this does not mean that the notice is mutually exclusive with debt collection.  The facts surrounding an Article 7 summary proceeding prove nothing about whether the notice that Romea received from Heiberger was or was not a "communication" sent "in connection with the collection of any debt," 15 U.S.C. Section 1692(e) (1994).  Whatever else it was, the 711 letter that Heiberger sent to Romea was undeniably a "communication" as defined by the FDCPA in that it conveyed "information regarding a debt" to another person, <u>Id</u>. Section 1692(a)(2).  And Heiberger makes no attempt to deny that his aim in sending the letter was at least in part to induce Romea to pay the back rent she allegedly owed.  As a result, the fact that the letter also served as a pre-requisite to commencement of the Article 7 process is wholly irrelevant to the requirements and applicability of the FDCPA.  We therefore hold that the Section 711 notice that Heiberger sent to Romea was a "communication" under 15 U.S.C. Section 1692(g)(a) and as such, must conply with the FDCPA's requirements.

163 F. 3rd at _____.  See also <u>Sandlin v. Shapiro & Fishman</u>, 919 F. Supp. 1564 (N.D. Fl. 1996) (Law firm was acting as a debt collector by requesting the consumer to pay a mortgage debt.)

Moreover, the cases relied upon by defendants are distinguishable from the facts in the present case.  In <u>Henneman v. Jim Walters' Homes, Inc.</u> 47 F. Supp 2nd 716 (N.D. W. Va. 1998)  the plaintiffs, proceeding Pro Se, did not even assert an FDCPA count.  However, in <u>dicta</u>, the Court noted in passing that the plaintiffs may be attempting to assert such a claim and went on, without analysis, to assume that "the trustees were not collecting on the debt at that time, but merely foreclosing on the property pursuant to a Deed of Trust".  47 F. Supp at 722 .  There was no discussion in the Court's opinion of either the fiduciary capacity of trustees or whether the trustees were in fact attempting to collect a debt as opposed to merely foreclosing a security interest.

Similarly, the Court in <u>Hulse v. Ocwen Federal Bank, FSB</u>, 195 F. Supp 2nd 1188 (D. Or. 2002) did not discuss either the fiduciary exception or the FDCPA provision relating to enforcers of security interest.  Rather, relying heavily on the decision in <u>Heinemann</u>, the Court focused solely on the foreclosure proceeding and again without analysis asserted, "that foreclosing on a Trust Deed is an entirely different path, payment of funds is not the object of the foreclosure action.  Rather, the lender is foreclosing its interest in the property."  195 F. Supp. 2nd at 1204.  Significantly, the <u>Hulse</u> Court went on to note a distinction, "...plaintiffs may maintain any FDCPA claims based on the alleged actions by OFD in collecting a debt, but may not maintain any FDCPA claims based on the alleged actions made in pursuit of the actual foreclosure."  195 F. Supp 2nd at

1204.  Applying this distinction to the facts of the present case, it would appear that under the reasoning in <u>Hulse</u> only the October 6, 2003, communication from defendants would be sheltered by the enforcers of security interest provision of the FDCPA and the September 5th and October 15th communications would not be.  More significantly, in <u>Hulse</u> there was no showing that the foreclosure proceedings were actually intended to collect a debt as opposed to merely transfer title.  It is this latter argument raised here that likewise distinguishes the Court's holding in <u>Bergs v. Hoover, Bax & Slovacek, LLC</u>, 2003 WL. 22255679 (N.D. Tx. September 24, 2003).  Consequently, it can fairly be said that none of the cases relied upon by defendants carefully consider and analyze the issues raised in this case.

## Conclusion

The provision of the Fair Debt Collection Practices Act excluding fiduciaries from the FDCPA does not extend to attorneys collecting debts by initiating foreclosure proceedings under Deeds of Trust.  The evidence before the Court demonstrates that defendants were in fact doing more than merely initiating foreclosure proceedings and obtaining transfer of title,  in addition they were sending communications attempting to elicit payment from this plaintiff, and regularly engaged in such activities in their foreclosure cases.  In fact, many or most of the foreclosure proceedings initiated by defendants appear to result in some form of payment by the home owners and do not result in sale and transfer of title. Consequently, defendants' activities in their foreclosure cases are not limited to that of an enforcer of a security interest, rather their activities indicate defendants regularly employ foreclosure proceedings as part of a collection mill

to collect consumer debts. Consequently, defendants engaged in the activities of a debt collector and are subject to all of the provisions of the Fair Debt Collection Practices Act.

Respectfully Submitted:

_____
H. Robert Erwin, Jr.
The Erwin Law Firm, P.A.
10 West Madison Street
Baltimore, MD 21201
(410) 385-6000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of _____ 2004, Defendant's Opposition to Plaintiff's Motion to Dismiss was mailed postage prepaid to Scott R. Grigsby, Draper & Goldberg, P.L.L.C., Suite 301, 803 Sycolin Road, Leesburg VA 20175.  Attorney for Defendants.

_____
H. Robert Erwin, Jr.