IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| KAREN WILSON | ) |
| | ) |
| vs. | ) |
| | ) Civil Action No. WDQ-04cv2917 |
| DRAPER & GOLDBERG, P.L.L.C. | ) |
| | ) |
| And | ) |
| | ) |
| L. DARREN GOLDBERG | ) |

## REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT

Defendants Draper & Goldberg, P.L.L.C. and L. Darren Goldberg (hereinafter collectively referred to as "defendants"), by undersigned counsel, submit the following Reply to Plaintiff's Opposition to Motion to Dismiss Complaint.

I. A Trustee Acting Under a Deed of Trust is a Fiduciary Within the Meaning of Section 15 U.S.C. § 1692a(6) of the Act.

The plaintiff contends that the activities of a trustee in foreclosing a deed of trust are not within the fiduciary exception set forth in §1692a(6). However, the plaintiff fails to cite any authority in support of this contention. The legislative history of the Fair Debt Collection Practices Act plainly states that, "the committee does not intend the definition [of debt collector] to cover the activities of trust departments, escrow companies *or other bona fide fiduciaries*." 95 S. Rpt. 382 at 3. (Italics supplied.). The plaintiff ignores the fact that under Maryland law, a trustee acting under a deed of trust is a fiduciary. See, Bunn v. Kuta, 109 Md. App. 53, 65-66, 674 A.2d 26, 32, 1996 Md. App. LEXIS 23, 17-18 (Md. App. 1996); § 15-101(g) Maryland Estates and Trusts Article; §1-101(c) Maryland Real Property Article.

In support of her contention, the plaintiff relies upon the Staff Commentary on the Act, however, the introduction to the Commentary plainly states that the Commentary "is not a formal trade regulation rule or advisory opinion of the Commission, and thus is not binding on the Commission or the public." In Heintz v. Jenkins, 514 U.S. 291, 298, 115 S. Ct. 1489, 1492, 131 L. Ed. 2d 395, 401 (1995) the United States Supreme Court acknowledged that the Commentary is not binding, and declined to give conclusive weight to the interpretations set forth in the Commentary. More importantly, there is nothing in the legislative history of the Act to indicate that Congress intended to authorize the Federal Trade Commission staff to exclude from the definition of "bona fide fiduciary" a trustee acting under a deed of trust. Where the Federal Trade Commission's interpretation conflicts with the Act's plain language it is not entitled to deference. Id.; see also, Scott v. Jones, 964 F.2d 314, 317 (4th Cir. 1992); Estate of Thompson v. Commissioner, 864 F.2d 1128, 1134 (4th Cir. 1989). Because the defendants' foreclosure activities were incidental to a bona fide fiduciary obligation, section 1692a(6)(F)(i) of the Act excludes the defendants from the definition of "debt collector." Therefore, the plaintiff's complaint fails to state claim upon which relief can be granted, and the complaint should be dismissed.

II. The Definition of "Debt Collector" Does Not Include an Enforcer of a Security Interest Except for the Purpose of Section 15 U.S.C. § 1692f(6).

The plain language of the Act indicates that the defendants are not "debt collectors" within the meaning of the Act except for the purpose of section 1692f(6). Section 1692a(6), which defines the term "debt collector," provides that, *"For the purpose of section § 1692f(6) of this title,* such term *also* includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." (Italics supplied). To interpret the term "debt collector" to include an

enforcer of a security interest for all other sections of the Act would render the phrase, "For the purpose of section § 1692f(6) of this title" meaningless and superfluous, which is contrary to the axioms of statutory construction.

In an effort to circumvent the plain language of the Act, the plaintiff urges the Court to adopt the questionable interpretation of a Colorado state court, which held that the above phrase "does not limit the definition of debt collectors, but rather enlarges the category of debt collectors for the purpose of section 1692f(6)." See, Shapiro and Meinhold v. Zartman, 823 P.2d 120, 124 (Colo. 1992). The flaw in the state court's analysis is that the above phrase cannot enlarge the category of debt collectors for the purpose of section 1692f(6) because section 1692f already applies to all debt collectors. Section 1692f states that, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . ." Clearly, the prohibited acts, which are enumerated in subsections 1692f(1) through 1692f(8) apply to all debt collectors. The Colorado state court's conclusion that the category of debt collectors is enlarged for the purpose of section 1692f(6) is a *non sequitur*.

The plaintiff further contends that the defendants were not acting as an enforcer of a security interest because of two letters that were sent to the plaintiff, dated September 2, 2003 and October 15, 2003. (Stipulation Exhibits "1" and "3," respectively). The plaintiff argues that the letter dated September 2, 2003 was a collection letter because it contained the sentence, "If you have any questions, do not hesitate to contact me." This argument is without merit because the letter does not contain a demand for payment. Moreover, the September 2, 2003 letter cannot be the basis for a violation of the Act because according to paragraph No. 11 of the complaint, the plaintiff did not dispute the underlying debt until September 6, 2003.

The plaintiff further contends that the letter dated October 15, 2003, which itemized the balance of accumulated payments due, late charges, other charges, fees and costs, was a collection attempt. However, the plaintiff misleads the Court into believing that the October 15, 2003 letter was an unsolicited communication with the plaintiff, when in fact the plaintiff requested the information contained in the October 15, 2003 letter. Attached as Exhibit "A" is a copy of a letter from the plaintiff's counsel, H. Robert Erwin, Esquire, to defendants' counsel, dated October 9, 2003, which indicates that the plaintiff requested the information contained in the October 15, 2003 letter, and which is set forth below in pertinent part:

> Thank you for your letter of October 3, 2003, and I will look forward to receiving from you a complete statement of Ms. Wilson's account indicating all interest, late charges and other charges, the interest rate and all payments since the inception of the mortgage. *I would point out that Ms. Wilson had requested this information from Chase Manhattan Mortgage Corporation on a number of occasions, including as recently as August 10, 2003 but received no reply, in violation of Maryland law.* (Italics supplied).

The October 15, 2003 letter, along with complete payoff figures, monthly payment records, and a loan Transaction History were provided at the plaintiff's request. Moreover, the parties hereto have stipulated that defendant Draper & Goldberg, PLLC regularly mails a letter similar to the October 15, 2003 letter "to those mortgagors who request such information." See, Stipulation at paragraph 7. Because this information was sent to the plaintiff at the plaintiff's request, the defendants did not act as debt collectors. Williams v. Trott, 822 F. Supp. 1266, 1269; 1993 U. S. Dist LEXIS 7111, 7-8 (E.D. Mich. 1993) (Held: Where law firm's communication with debtors was not for purpose of collecting debt but merely to accommodate debtors by providing information they requested regarding reinstatement of mortgage to avoid foreclosure, law firm did not act as debt collector under the FDCPA.).

Lastly, the plaintiff argues that because many of the foreclosure actions filed by the defendants do not result in a foreclosure sale, the defendants are engaged in collection activities. This argument ignores the fact that a trustee under a deed of trust has only a power of sale, and that prior to the foreclosure sale a mortgagor has a legal right to reinstate the loan, refinance the property, sell the property or declare bankruptcy. The fact that a mortgagor exercises his legal rights and thereby avoids a foreclosure sale does not somehow transform a foreclosure action into a collection activity. "An important point here is that with a trust deed, the trustee possess the power of sale which may be exercised after a breach of the obligation for which the transfer in trust of the interest in real property is security. Foreclosure by the trustee is not the enforcement of the obligation because it is not an attempt to collect funds from the debtor." Hulse v. Ocwen Federal Bank, FSB, 195 F. Supp. 2d 1188, 1204, 2002 U.S. Dist. LEXIS 7273 (D. Or. 2002).

For the reasons stated above, Defendants Draper & Goldberg, P.L.L.C. and L. Darren Goldberg respectfully request that this Honorable Court enter an Order dismissing the captioned action, and granting such other and further relief as the Court Deems appropriate.

Respectfully Submitted,
DRAPER & GOLDBERG, P.L.L.C.

//s// Scott R. Grigsby
L. Darren Goldberg #11845
Scott R. Grigsby #07254
803 Sycolin Road, Suite 301
Leesburg, VA  20175
703-777-7101

# THE ERWIN LAW FIRM, P.A.

10 WEST MADISON STREET

BALTIMORE, MD 21201

TELEPHONE: (410) 385-6000

Fax: (410) 385-2310

**H. Robert Erwin Jr.**

October 9, 2003

**Lisa R. Mitchell**
Paralegal

*Via Fax & Regular Mail*

Scott R. Grigsby
Draper & Goldberg
Suite 301
803 Sycolin Road
Leesburg, VA 20175

Re: <u>Goldberg, et al. v. Wilson</u>
Your File No. 92306

Dear Mr. Grigsby:

Thank you for your letter of October 3, 2003, and I will look forward to receiving from you a complete statement of Ms. Wilson's account indicating all interest, late charges and other charges, the interest rate and all payments since the inception of the mortgage. I would point out that Ms. Wilson had requested this information from Chase Manhattan Mortgage Corporation on a number of occasions, including as recently as August 10, 2003, (Copy enclosed) but received no reply, in violation of Maryland law.

With regard to your inquiry about the alteration of the loan documents, I have previously sent to you, attached to my pleading, a copy of the original Promissory Note in which the variable interest rate in Paragraph 6 on page 2 was left blank. Sometime thereafter someone at Advanta National Bank inserted 6.25% which appeared on the copy your client sent to Ms. Wilson under cover letter of April 7, 2003, also attached to my pleading. Moreover, in October 2000, Advanta asserted the 6.25% was a "clerical error" and should have been 3.65%. I'm enclosing a copy of Advanta's October 23, 2000, letter to Ms. Wilson and the attached Promissory Note. Ms. Wilson did not execute and return this altered Promissory Note to Advanta because she did not believe she had agreed to a variable interest rate in the first place.

Finally, I must point out that in response to Mr. Goldberg's letter to Ms. Wilson dated September 2, 2003, Ms. Wilson exercised her rights under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b) and disputed this debt in writing. Your firm's continuation with the foreclosure action in the Circuit Court for Howard County thereafter without first obtaining validation of the debt from your client constitutes a violation of federal law and Ms. Wilson is entitled to her actual damages, statutory damages of up to $1,000 and her reasonable attorney's fees.

EXHIBIT A

Scott R. Grigsby
October 9, 2003
Page two_____

      I trust this information is responsive to your inquiry. If you have additional questions, do not hesitate to contact me.

                        Sincerely Yours,

                        H. Robert Erwin, Jr.

HRE/lrm
cc: Karen Wilson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Reply to Plaintiff's Opposition to Motion to Dismiss Complaint was mailed, postage prepaid, via first-class mail, this 7th day of January, 2005 to:

H. Robert Erwin, Jr.
The Erwin Law Firm, P.A.
10 West Madison Street
Baltimore, MD  21201

                                                                                                                   //s// Scott R. Grigsby
L. Darren Goldberg #11845
Scott R. Grigsby #07254