IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| KAREN WILSON, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO.: WDQ-04-2917 |
| DRAPER & GOLDBERG, PLLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION AND ORDER

Karen Wilson has sued the law firm of Draper & Goldberg, PLLC ("D & G") alleging violations of the Fair Debt Collection Practices Act ("FDCPA").[1]  Pending is D & G's motion to dismiss.  For the reasons discussed below, the motion to dismiss will be treated as a motion for summary judgment, and will be granted.[2]

---

[1] 15 U.S.C. §§ 1692 *et seq.* (2005).

[2] If, "on a motion to dismiss . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Harrison v. U.S. Postal Serv.*, 840 F.2d 1149, 1152 n. 7 (4th Cir. 1988).  In considering D & G's motion, the Court relied upon the affidavit of David Goldberg, a Partner at D & G, who testified that D & G's principal business is the enforcement of security interests through the foreclosure or mortgages and deeds, and D & G was acting as a substitute trustee on a deed of trust when it communicated with Wilson.  Goldberg Aff. ¶¶ 4-5.  The Court also relied upon the Deed of Appointment of Substitute Trustees appointing D & G substitute trustee on Wilson's property.  Ex. 1 to Goldberg Aff.

Case 1:04-cv-02917-WDQ   Document 15   Filed 03/03/05   Page 2 of 5

BACKGROUND

On September 2, 2003, D & G informed Wilson that her mortgage holder, Chase Manhattan Mortgage Corporation ("Chase Manhattan"), had accelerated the mortgage debt on her home and retained D & G to foreclose its Deed of Trust Lien.  Pl.'s Ex. 2 (letter from D & G to Karen Wilson (Sept. 2, 2003)).  D & G explained that it was in the process of preparing foreclosure papers, that it would inform Wilson of the date and time of the foreclosure sale, and that she could contact D & G with questions.  *Id.*

On October 6, 2003, D & G advised Wilson that the mortgaged property would be sold at a foreclosure sale on October 17, 2003.  Pl.'s Ex. 3 (letter from D & G to Karen Wilson (Oct. 6, 2003)).

STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to summary judgment as a matter of law.  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether

there is a genuine issue for trial."  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.* at 248.  Thus, "the judge must ask . . . whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  *Id.* at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the opponent must produce evidence upon which a reasonable fact finder could rely.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The mere existence of a "scintilla" of evidence in support of the nonmoving party's case is not sufficient to preclude an order granting summary judgment.  *Anderson*, 477 U.S. at 252.

## ANALYSIS

Wilson claims that D & G violated the FDCPA by: (1) failing to verify her alleged debt to Chase Manhattan; (2) failing to cease collection of the debt; and (3) communicating directly with her when it knew she was represented by an attorney.  Compl. ¶ 21.  D & G asserts that Wilson's Complaint must be dismissed because it is not a "debt collector," thus

3

it cannot be held liable under the FDCPA.

The FDCPA prohibits debt collectors from "making false or misleading representations and from engaging in various abusive practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (2005). Only parties who meet the statutory definition of "debt collector" are subject to civil liability under the FDCPA. 15 U.S.C. 1692k(a); *KPMG Peat Marwick v. Texas Commerce Bank*, 976 F. Supp. 623, 632 (S.D. Tex. 1997).

D & G's principal business is the enforcement of security interests through the foreclosure of mortgages and deeds of trust. Def.'s Ex. A (Goldberg Aff. ¶ 4). When D & G commenced foreclosure proceedings on Wilson's property, it was acting as a substitute trustee under a deed of trust. *Id.* at ¶ 5.

Trustees foreclosing on a property pursuant to a deed of trust are not "debt collectors" under the FDCPA. *Heinemann v. Jim Walter Homes, Inc.*, 47 F. Supp. 2d 716, 722 (N.D.W.Va.

4

1998); *Hulse v. Ocwen Federal Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Ore. 2002).

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money.  The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor.  But, foreclosing on a deed of trust is an entirely different path.  Payment of funds is not the object of the foreclosure action.  Rather, the lender is foreclosing its interest in the property.

*Hulse*, 195 F. Supp. 2d at 1204.  Accordingly, any actions taken by a trustee in foreclosing on a property pursuant to a deed of trust may not be challenged as FDCPA violations.  *Id.*

## CONCLUSION

Because D & G is not a debt collector, it cannot be held liable under the FDCPA for actions it took in foreclosing upon Wilson's property.  Accordingly, D & G's motion for summary judgment will be granted.


March 3, 2005                              /s/
Date                              William D. Quarles, Jr.
                                  United States District Judge