IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| KAREN WILSON | * |
| Plaintiff, | * |
| | * Civil Action No. WDQ-04-2917 |
| v. | * |
| DRAPER & GOLDBERG, PLLC, *et al.* | * |
| Defendants. | * |

**ANSWER TO COMPLAINT**

COMES NOW Defendants Draper & Goldberg, PLLC ("Defendants"), by and through counsel, and in response to the Plaintiff's Complaint states as follows:

**Parties**

1. Defendants lack sufficient knowledge or information to form a belief and, therefore, deny the averments contained in Paragraph 1 of the Complaint.

2. Defendants admit that Draper & Goldberg, PLLC is a professional limited liability company with its principal place of business in Leesburg, Virginia and denies the remaining averments contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of Plaintiff's Complaint is a legal conclusion and requires no response.

4. Defendants admit that Defendant L. Darren Goldberg is an adult citizen engaged in the litigation practice of law at the law firm of Draper & Goldberg, PLLC and denies the remaining averments contained in Paragraph 4 of the Complaint.

5. Paragraph 5 of Plaintiff's Complaint is a legal conclusion and requires no response.

## JURISDICTION

6.    The first sentence of Paragraph 6 is jurisdictional in nature and, therefore, requires no response.  Defendants deny the remaining averments contained in Paragraph 6 of the Complaint.

## ACTUAL ALLEGATIONS

7.    Defendants admit that on or about September 2, 2003, Draper & Goldberg, PLLC and L. Darren Goldberg mailed to Plaintiff a letter indicating the original principal amount of $43,191.90 and advising Plaintiff of her right to dispute the validity of the debt within thirty (30) days in Paragraph 7 of the Complaint (I/R/T/A as paragraph 8).

8.    Defendants lack sufficient knowledge or information to form a belief and, therefore, deny the averments contained in Paragraph 8 (I/R/T/A as paragraph 9) of the Complaint.

9.    Defendants lack sufficient knowledge or information to form a belief and, therefore, deny the averments contained in Paragraph 9 (I/R/T/A as paragraph 10) of the Complaint.

10.   Defendants admit the averments in Paragraph 10 (I/R/T/A as paragraph 11) of the Complaint that Defendants received a letter from Plaintiff dated September 5, 2003 disputing the loan.

11.   Defendants admit the averments contained in Paragraph 11 (I/R/T/A as paragraph 12) of the Complaint that Defendants received a letter dated September 8, 2003 from Plaintiff.

12.   Defendants admit that a foreclosure action was commenced in the Circuit Court of Howard County on or about September 11, 2003, Case No. 13-C-03-56367.  Defendants deny the remaining averments contained in Paragraph 12 (I/R/T/A as paragraph 13) of the Complaint.

13. Defendants admit the averments contained in Paragraph 13 (I/R/T/A as paragraph 14) of the Complaint.

14. Defendants admit that on October 6, 2003, Draper & Goldberg, PLLC sent Plaintiff a letter, pursuant to statutory requirements, advising her that her home would be sold at a foreclosure sale on October 17, 2003. Defendants deny the remaining averments contained in Paragraph 14 (I/R/T/A as paragraph 15) of the Complaint.

15. Defendants lack sufficient knowledge or information to form a belief and, therefore, deny the averments contained in Paragraph 15 (I/R/T/A as paragraph 16) of the Complaint.

16. Defendants lack sufficient knowledge or information to form a belief and, therefore, deny the averments contained in Paragraph 16 (I/R/T/A as paragraph 17) of the Complaint.

17. Defendants lack sufficient knowledge or information to form a belief and, therefore, deny the averments contained in Paragraph 17 (I/R/T/A as paragraph 18) of the Complaint.

18. Defendants lack sufficient knowledge or information to form a belief and, therefore, deny the averments contained in Paragraph 18 (I/R/T/A as paragraph 19) of the Complaint.

## COUNT I

19.     Paragraph 19 (I/R/T/A paragraph 17 of Count I) of Plaintiff's Complaint does not contain information to which a legal response is necessary.

20.     Defendants lack sufficient knowledge or information to form a belief and, therefore, deny the averments contained in Paragraph 20 (I/R/T/A paragraph 18 of Count I) of the Complaint.

21.     Defendants lack sufficient knowledge or information to form a belief and, therefore, deny the averments contained in Paragraph 22 (I/R/T/A paragraph 19 of Count I) of the Complaint.

22.     Defendants lack sufficient knowledge or information to form a belief and, therefore, deny the averments contained in Paragraph 22 (I/R/T/A paragraph 20 of Count I) of the Complaint.

23.     Defendants deny the averments contained in Paragraph 23 (I/R/T/A paragraph 21 of Count I) of the Complaint.

24.     Defendants deny the averments contained in Paragraph 24 (I/R/T/A paragraph 22 of Count I) of the Complaint.

## AFFIRMATIVE DEFENSES

1.      The Plaintiff fails to state a claim upon which relief can be granted.

2.      The claims are barred by the applicable statute of limitations.

3.      Plaintiff's claims are barred by the Doctrine of Waiver.

4.      Plaintiff's claims are barred by the Doctrine of Laches.

5.      Plaintiff's claims are barred by the Doctrine of Unclean Hands.

6.      Plaintiff's claims are barred by Estoppel.

7. Defendants are not liable under 15 U.S.C. § 1692k(c).

WHEREFORE, the Defendants respectfully requests that this Court enter judgment on behalf of the Defendants, dismiss the Complaint and grant such further relief the Court deems appropriate.

      Respectfully submitted,

      DRAPER & GOLDBERG, P.L.L.C.

      /s/ Rita Ting-Hopper
      L. Darren Goldberg, Esq., #11845
      Rita Ting-Hopper, Esq., #15541
      Counsel for Defendants
      803 Sycolin Road, Suite 301
      Leesburg, VA  20175
      (703) 777-7101

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of September 2006, the foregoing Answer to Plaintiff's Complaint was served electronically on:

H. Robert Erwin, Jr., Esq., #03244
The Erwin Law Firm, P.A.
10 West Madison Street
Baltimore, MD 21201
*Counsel for Plaintiff Karen Wilson*

      /s/ Rita Ting-Hopper
      Rita Ting-Hopper